FILED by **KS** D.C.

Aug 3, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **21-60225-CR-ALTMAN/HUNT**

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

UNITED STATES OF AMERICA

vs.

ALDO ALBERTO FLORES and
SAMANTHA RODRIGUEZ,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Distribute a Controlled Substance**
**(21 U.S.C. § 846)**

Beginning in or around January 2021, and continuing through on or about May 25, 2021, in Broward County, in the Southern District of Florida, the defendants,

**ALDO ALBERTO FLORES and
SAMANTHA RODRIGUEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

With respect to **ALDO ALBERTO FLORES** and **SAMANTHA RODRIGUEZ**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them, is a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C), and ten (10) grams or more of a mixture and substance containing a detectable amount of para-fluorofentanyl, a Schedule I controlled substance analogue as defined in Title

21, United States Code, Section 802(32)(A), knowing that the substance was intended for human consumption as provided in Title 21, United States Code, Section 813, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 2
### Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about February 24, 2021, in Broward County, in the Southern District of Florida, the defendants,

**ALDO ALBERTO FLORES and
SAMANTHA RODRIGUEZ,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## COUNT 3
### Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about March 18, 2021, in Broward County, in the Southern District of Florida, the defendants,

**ALDO ALBERTO FLORES and
SAMANTHA RODRIGUEZ,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II

controlled substance.

## COUNT 4
## Distribute a Controlled Substance
## (21 U.S.C. § 841(a)(1))

On or about May 25, 2021, in Broward County, in the Southern District of Florida, the defendants,

**ALDO ALBERTO FLORES and
SAMANTHA RODRIGUEZ,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that this violation involved ten (10) grams or more of a mixture and substance containing a detectable amount of para-fluorofentanyl, a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), knowing that the substance was intended for human consumption as provided in Title 21, United States Code, Section 813.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **ALDO ALBERTO FLORES** and **SAMANTHA RODRIGUEZ,** has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a)(1)-(2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property that was used or intended to be used, in any manner or part, to commit or facilitate the commission of such violation.

All pursuant to Title 21, United States Code, Section 853, and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

*Thomas J. Mulrehill for*
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____ (For)
AJAY J. ALEXANDER          Francois Viamontes
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| ALDO ALBERTO FLORES and SAMANTHA RODRIGUEZ, | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| _____ Defendants/ | **Superseding Case Information:** |

**Court Division:** (Select One)      New defendant(s) ☐ Yes  ☐ No
☐ Miami  ☐ Key West  ☑ FTL       Number of new defendants _____
☐ WPB  ☐ FTP              Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  **No**
   List language and/or dialect _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)              (Check only one)
   I    0 to 5 days       ☑     Petty         ☐
   II   6 to 10 days      ☐     Minor         ☐
   III  11 to 20 days     ☐     Misdemeanor   ☐
   IV   21 to 60 days     ☐     Felony        ☑
   V    61 days and over  ☐

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
AJAY J. ALEXANDER
Assistant United States Attorney
Court ID No.      A5502506

\*Penalty Sheet(s) attached                                       REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** ALDO ALBERTO FLORES

Count 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846

**Max. Penalty:** 40 Years' Imprisonment with Mandatory Minimum 5 Years' Imprisonment; $5,000,000 Fine; Supervised Release of 4 Years up to Life (para-fluorofentanyl)

20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life (fentanyl)

Counts 2-3

Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**Max. Penalty:** 20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life

Count 4

Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**Max. Penalty:** 40 Years' Imprisonment with Mandatory Minimum 5 Years' Imprisonment; $5,000,000 Fine; Supervised Release of 4 Years up to Life (para-fluorofentanyl)

20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life (fentanyl)

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   SAMANTHA RODRIGUEZ

Count 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846

**Max. Penalty:** 40 Years' Imprisonment with Mandatory Minimum 5 Years' Imprisonment; $5,000,000 Fine; Supervised Release of 4 Years up to Life (para-fluorofentanyl)

20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life (fentanyl)

Counts 2-3

Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**Max. Penalty:** 20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life

Count 4

Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**Max. Penalty:** 40 Years' Imprisonment with Mandatory Minimum 5 Years' Imprisonment; $5,000,000 Fine; Supervised Release of 4 Years up to Life (para-fluorofentanyl)

20 Years' Imprisonment; $1,000,000 Fine; Supervised Release of 3 Years up to Life (fentanyl)

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**